**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

WILLIAM MARTIN,

        Petitioner,     :    Case No. 2:21-cv-5102

  - vs -         Chief Judge Algenon L. Marbley
                                    Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

                                             :
        Respondent.

**SUPPLEMENTAL OPINION ON MOTION TO AMEND**

This case is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Decision and Order (ECF No. 18) denying Petitioner's Motion to Amend (ECF No. 17). Chief Judge Marbley has recommitted the Motion for reconsideration in light of the Objections (ECF No. 20).

In the Motion, Petitioner sought to add a claim that he received ineffective assistance of appellate counsel when his appellate attorney failed to raise on direct appeal Grounds for Relief 1, 2, 7, 8, 9, 10, 11, and 12. Petitioner's Motion asserted he had now exhausted available state court remedies for this asserted constitutional violation by filing an Application to Reopen under Ohio R. App. P. 26(B). The Magistrate Judge confirmed exhaustion in *State v. Martin*, 2021-Ohio-4290 (Ohio App. 7th Dist. Dec. 6, 2021). However, the official report of that decision showed no further appellate history, from which the Magistrate Judge inferred Petitioner had not appealed to the Supreme Court of Ohio from the adverse decision of the Seventh District. Because

1

the time for appeal had expired, the Magistrate Judge found Martin had procedurally defaulted on this ineffective assistance of appellate counsel claim and therefore the proposed amendment would be futile (Decision and Order, ECF No. 18, PageID 880).

Petitioner makes no substantive objection. That is, he does not claim he did in fact appeal to the Ohio Supreme Court from the Seventh District's denial of his 26(B) Application. Nor does he deny that the failure to appeal constitutes a procedural default. Nor does he offer any asserted cause and prejudice to excuse the default as required by *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), and *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Instead, he objects to the Magistrate Judge's raising the procedural default defense *sua sponte* (Objections, ECF No. 19).

Petitioner correctly notes that procedural default is an affirmative defense which can be intentionally waived by a respondent or forfeited if not timely raised by a respondent[1]. But the Sixth Circuit has expressly held it is not inappropriate for the Court to raise a procedural default defense *sua sponte*. *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case).

In *Strong v. Nagy*, 962 F. 3d 192 (6th Cir. 2020)(Moore, Clay & Murphy), the Sixth Circuit held: "Although the district court elected to skip to the merits of Strong's claims, we resolve his appeal on the basis of procedural default. See *Sheffield v. Burt,* 731 F. App'x 438, 441 (6th Cir. 2018) ("[W]here a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the procedural default issue."). Because procedural default is not a jurisdictional bar, the Sixth Circuit has held it is not required to be raised *sua sponte*.

---

[1] The Supreme Court has emphasized the different between waiver and forfeiture in the habeas context. N. 4: "We note here the distinction between defenses that are 'waived' and those that are 'forfeited.' A waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve. *Kontrick v. Ryan*, 540 U.S. 443, 458, n. 13 (2004); *United States v. Olano,* 507 U.S. 725, 733 (1993).

2

Petitioner quotes the following paragraph from *Howard v. Bouchard*, 405 F.3d 459 (6th Cir. 2005), omitting, however, the last sentence which reinforces the discretion in a district court to raise the issue *sua sponte*:

> Procedural default is not a jurisdictional bar to review on the merits, and an appeals court is not required to address the issue sua sponte. *Trest v. Cain,* 522 U.S. 87, 89, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997). We have previously held, however, that the court of appeals may raise the issue of procedural default *sua sponte*. *Lorraine v. Coyle,* 291 F.3d 416, 426 (6th Cir.2002); *Elzy v. United States,* 205 F.3d 882, 886 (6th Cir.2000). Like many of our sister circuits, we agree that appellate courts should not "embrace *sua sponte* raising of procedural default issues as a matter of course." *Flood v. Phillips,* 90 Fed. Appx. 108, 114, 2004 U.S.App. LEXIS 1555, at *15 (6th Cir.2004) (citing *Rosario v. United States,* 164 F.3d 729, 732-33 (2d Cir.1998)). Here, however, we find it appropriate to do so.

*Howard*, 405 F. 3d at 476.

The principal concern with raising the issue *sua sponte* is that it may deprive the petitioner of a chance to show excusing cause and prejudice. This concern arises when a District Judge raises the issue *sua sponte* in initial screening under Rule 4 and then dismisses the whole petition as defaulted, particularly if that order is combined with a denial of a certificate of appealability. But when the issue is raised *sua sponte* by a Magistrate Judge, the petitioner always has the right to object under Fed.R.Civ.P. 72 and thus be heard on the merits of the procedural default. Martin has had that opportunity here but has not taken it: he has offered no substantive response to the Decision's procedural default analysis.

Petitioner does not quarrel with the Decision's cited authority on the standard for deciding a motion to amend. As the Supreme Court held sixty years ago, the District Court is to decide whether the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuirt has defined futility as inability to withstand at motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v.*

3

*Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.). This standard virtually requires a District Court to project what an opposing party will do in response. Martin's apparently preferred process would be to grant all motions to amend and wait to see what response is made. Particularly in a case such as this where the case is within weeks of ripeness[2], Petitioner has offered no substantive reasons for further delay.

The Magistrate Judge remains persuaded the Motion to Amend should be denied.

May 24, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[2] Martin's traverse is due June 7, 2022 (ECF No. 15).