# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WILLIAM MARTIN,

        Petitioner,    :    Case No. 2:21-cv-5102

- vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

    :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner William Martin under 28 U.S.C. § 2254 to obtain relief from his conviction in the Columbiana County Court of Common Pleas, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 11), the Return of Writ (ECF No. 12), and the Petitioner's Reply (ECF No. 27).

**Litigation History**

On May 18, 2017, the Columbiana County Grand Jury indicted Martin on one count of Having Weapons While Under Disability and several drug-related counts (Indictment, State Court Record, ECF No. 11, Ex. 1). A superseding indictment on July 19, 2017, charged Martin with one count of Having Weapons While Under Disability in violation of Ohio Revised Code § 2923.13(A)(2) (Count

1

1); one count of Possession of Cocaine in violation of Ohio Revised Code § 2925.11(A) with a major drug offender specification (Count 2); one count of Possession of Heroin in violation of Ohio Revised Code § 2925.11(A) with a major drug offender specification and a forfeiture specification of $ 57,419.00 (Count 3); one count of Possession of Marijuana in violation of Ohio Revised Code § 2925.11(A)(Count 4); two counts of Trafficking in Heroin in violation of Ohio Revised Code § 2925.03(A)(1)) (Counts 5 and 7); and one count of Trafficking in Cocaine in violation of Ohio Revised Code § 2925.03(A)(1)(Count 7). (Superseding Indictment, State Court Record, ECF No. 11, Exhibit 2).

Martin pleaded not guilty. After several changes of counsel and three unsuccessful motions to suppress, Martin changed his plea to no contest, was found guilty, and was sentenced to an aggregate thirty-one years imprisonment.

Martin appealed to the Ohio Seventh District Court of Appeals which affirmed. *State v. Martin*, 2020-Ohio-3579 (Ohio App. 7th Dist. Jun. 26, 2020), appellate jurisdiction declined, 160 Ohio St. 3d 1439 (2020).

On September 27, 2021, Martin filed a delayed Application for Reopening under Ohio R. App. P. 26(B)(ECF No. 11, Ex. 39). The Seventh District rejected the Application as untimely filed. *Id.* at Ex. 40. Martin did not appeal to the Supreme Court of Ohio, but filed his habeas corpus Petition in this Court on October 14, 2021.

Martin pleads the following Grounds for Relief:

> **Ground One:** The court denied the Petitioner Due Process and Equal Protection of the law under the U.S. Constitution, 5th and 14th amendments when the court failed to apply "The Exclusionary rule to evidence obtained after Officers trespassed upon the cartilage [sic] of his home," thus violating the Petitioner's 4th Amendment right to be free from unreasonable searches and seizures.
> *
> **Ground Two**: The Court denied the Petitioner due process and equal protection of the law under the U.S. Constitution 5th and 14th

amendments when the court did not apply the exclusionary rule to evidence obtained after officers unlawfully forced entry into the Petitioner's home. Thus, violating Petitioner's 4th amendment right under the U.S. Constitution, to be free from unreasonable searches and seizures.
\*

**Ground Three**: The court denied the Petitioner due process and equal protection of the law under the 5th and 14th amendment to the U.S. Constitution when the court failed to apply the exclusionary rule to evidence obtained during an unwarranted/unreasonable search that was in violation of Petitioner's 4th amendment right under the U.S. Constitution.
\*

**Ground Four**: The court(s) denied the Petitioner due process and equal protection of the Law under the 5th and 14th amendment of the U.S. Constitution when court(s) refused to apply the exclusionary rule to evidence obtained during an unwarranted/unreasonable seizure in violation of the Petition's 4th amendment right under the U.S. Constitution.
\*

**Ground Five**: The trial court refused to merge the convictions on Counts II, III, IV and VII for the purposes of sentencing pursuant to R.C. 2941.25, Ohio allied offenses statute was in violation of law and thus in violation of Petitioner's right to due process and equal protection of the laws under the 5th and 14th amendment to the U.S. Constitution.
\*

**Ground Six**: The court imposing consecutive sentences of 31 years of incarceration for a non-violent offense was a violation of Petitioner's 8th amendment right to be free from cruel and unusual punishment under the U.S. Constitution.
\*

**Ground Seven** The Court denied the Petitioner due process and equal protection of the law(s) under the 5th and 14th amendment to the U.S. Constitution and his right to choice of counsel under 6th amendment to the U.S. Constitution, when the Petitioner was denied twice to be allowed to represent himself.
\*

**Ground Eight:** Due to prosecutorial misconduct of withholding evidence that was relevant to the Petitioner's defense strategy until voir dire of the jury, the Petitioner was forced to enter a no-contest plea as a result and was denied his right to due process, equal protection of the law(s) and his right to a fair trial as guaranteed by the U.S. Constitution 5th and 14th Amendments.
\*

**Ground Nine**: The court denied the Petitioner due process and equal protection of the law under the 5th and 14th amendments to the U.S. Constitution, when the court refuse[d] to invalidate the search warrant and apply the exclusionary rule to the evidence recovered during a search that was in violation of the Petitioner's 4th amendment to the US Const.
*

**Ground Ten**: Petitioner was deprived of his right to effective assistance of counsel as guaranteed by the U.S. Constitution 6th Amendment.

**Supporting Facts:**
1. During the suppression hearing, Defense counsel failed to call the only witness for the defense due to an admitted conflict of interest.

2. During the same hearing counsel also refused to allow Petitioner to testify, saying that if Petitioner tried counsel would leave the hearing and quit.

3. On or about June 8, 2018 the state offered a plea deal of 11 years for a guilty plea and 14 years for a no-contest plea. Defense counsel told petitioner that if he lost at trial he was only facing a maximum of 14 ½ years then counseled Petitioner to turn down the State's officer and eventually received 31 years.

4. During the sentencing hearing held on Oct. 12, 2018 defense counsel failed to object or refute, the myriad of baseless allegations presented by the state. At one point the Prosecutor held up an AR-15 assault rifle saying that it was a "WEAPON" OF "WAR" while claiming that the Petitioner had the AR-15 in his possession, to cause serious harm to other.

The problem with these actions and allegations are that the Petitioner was never in possession of the AR-15 as the record clearly proves, but Petitioner's counsel remained silent and did nothing on the Petitioner's behalf to address these false allegations.

5. Defense counsel requested the court perform a pre-sentence investigation before sentencing Petitioner. Counsel was well aware that Petitioner had not been in trouble for some time, but that he did have a lengthy past criminal record. It was the result of the Presentence Investigation that the court used to impose consecutive prison terms totaling 31 years.
*

**Ground Eleven:** Due to prosecutorial misconduct, Petitioner was denied a fair hearing and thus violating his 5th and 14th amendment

>right to due process and equal protection of the laws, as well as his right to compulsory process to obtain witnesses in his favor in violation of his 6th amendment right to the U.S. Constitution.
>\*
>**Ground Twelve:** Due to a conflict of interest on the part of trial counsel Petitioner was deprived of his right to due process under U.S. Constitution 5th and 14th amendment and his rights to compulsory process for obtaining witness in his favor and effective assistance of counsel under the 6th amendment.

(Petition, ECF 1, at Page ID 7-40).

## Analysis

**Ground One: Violation of Petitioner's Fourth Amendment Rights**

In his First Ground for Relief, Martin claims his Fourth Amendment rights were violated when the trial court failed to apply the exclusionary rule to evidence seized after police officers trespassed on the curtilage of his home.

Martin begins this claim by asserting that the Fourth Amendment violation also violated the Due Process and Equal Protection Clauses of the Constitution. This is also true of Grounds for Relief Two, Three, Four, Five, Seven, Eight, Nine, Eleven, and Twelve.

In his Reply Martin notes that claims under the Fourteenth Amendment are separate and distinct from claims under the Fourth or other Amendments (Reply, ECF No. 27, PageID 957-60). However, the mere mention of these Clauses of the Fourteenth Amendment does not add to the analysis required.

Most of the Bill of Rights applies to the States and their agents through the Due Process Clause of the Fourteenth Amendment by "incorporation." *McDonald v. Chicago*, 561 U.S. 742 (2010). This means the "incorporated" rights are analyzed as if the claim were made against the United States. None of the Grounds for Relief in which the Due Process Clause is mentioned

5

require different analysis because state officers are involved.

Moreover, to the extent Martin "mentions" a due process claim in almost all of his Grounds for Relief, he has not pled a claim in the sense of putting Respondent on notice about what process he believes he was due and didn't get. To the extent he pleads any detail, it is in the Reply. Claims are not properly pleaded when they are raised for the first time in a reply because Respondent has no opportunity to respond to them. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

With regard to equal protection, a claim requiring separate analysis under the Equal Protection Clause would be stated only if it were claimed the state officials violated some other constitutional right of Martin's in an invidiously discriminatory way. This Report offers no analysis under the Equal Protection Clause because nowhere in the Petition does Martin alleged he was injured by invidious discrimination of a state officer. Instead Martin just adds the words "equal protection" as if, standing along, they stated a claim. They do not. Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Respondent asserts Ground One is not cognizable in habeas corpus precisely because it does raise only a Fourth Amendment claim. Federal habeas corpus relief is not available to state

6

prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides a full and fair opportunity to litigate Fourth Amendment claims, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Examination of the process in Martin's case shows he had a full and fair opportunity to litigate his Fourth Amendment claims in the Ohio courts. He filed not one but three motions to suppress, each of which was granted a hearing. By pleading no contest he preserved his right to appeal the denial of those motions and he did so. Martin raised claims under the Fourth Amendment as his First and Second Assignments of Error on appeal and the Seventh District decided them on the merits, providing a number of pages of detailed analysis. *State v. Martin*, 2020-Ohio-3579 (Ohio App. 7th Dist. Jun. 26, 2020)(copy at State Court Record, ECF No. 11, Ex.

7

35).

Petitioner acknowledges the authority of *Stone* and *Riley* in his Reply (ECF No. 27, PageID 948-49). He admits the Ohio procedure satisfies the first prong of *Riley*, but argues his presentation of his Fourth Amendment claims was "frustrated by a failure of Ohio's procedural mechanism". *Id.* at PageID 950. Martin surveys a number of decisions from different circuits and concludes courts "generally agree that a 'full and fair opportunity' was not afforded, and that *Stone* therefore does not bar federal habeas corpus review of a IVth Amendment exclusionary rule claim, if the state provides no "reasoned method of inquiry into relevant questions of fact and law.'" Reply, ECF No. 27, PageID 953, quoting the justly renowned article by Paul M. Bator, Finality in Criminal Law and Federal Habeas Corpus Review for State Prisoners, 76 Harv. L. Rev. 441, 455 (1963).

Relying on Fifth and Eleventh Circuit precedent, Martin concludes that the same factors which would support an evidentiary hearing under *Townsend v. Sain*, 372 U.S. 293 (1963), should also support a hearing when applying *Stone v. Powell* (Reply, ECF No. 27, PageID 956). Martin extrapolates from this conclusion that

> *Stone* requires this court not only review prior state court procedures to determine that petitioner has been afforded a full and fair opportunity to litigate his Fourth Amendment claims at some point in state court, but, more precisely, that petitioner has been afforded that opportunity **at both trial and on direct review**.

*Id.* at PageID 956 (emphasis added).

The Sixth Circuit has never suggested that the fullness and fairness test under *Stone* requires federal courts to requires reject state court decisions or re-hear habeas claims because state courts do not allow rehearing of evidence on Fourth Amendment claims on direct appeal. This would require federal courts to treat Fourth Amendment claims differently from any other

8

constitutional claim made in habeas. It would not parallel motion to suppress practice in the federal courts themselves. No court so far as the Magistrate Judge is aware has ever reached that conclusion and it would be deeply contrary to Professor Bator's thought about respecting the finality of state court decisions. Finally, *Townsend* is no longer good law on the subject of evidentiary hearings in habeas in general. See 28 U.S.C. § 2254(e)(2); *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (2022).

Martin argues the Seventh District's decision of this Fourth Amendment claim in the First Ground for Relief is not entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and that the Court should instead consider Ground One *de novo* because the Seventh District did not allow him the kind of hearing prescribed by *Townsend* (Reply, ECF No. 27, PageID 960).

In his Reply, Martin argues this First Ground for Relief for twenty-two pages, PageID 961-82. All of the argument is on Fourth Amendment issues except that at PageID 979-81, he asserts his due process and equal protection rights were violated in the suppression hearing process.

Under AEDPA when a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Martin claims no deference is due to the Ohio courts on Ground One because he did not

9

get the kind of hearing required by *Townsend*. Because *Townsend* is not controlling law, this Court should not reach the merits of Martin's Fourth Amendment claims either under the deferential AEDPA standard or *de novo*. Martin's Fourth Amendment claims are not cognizable.

Martin claims as part of his Reply on Ground One a denial of due process in the State's threatening his suppression witness, McKenzie Strub, with prosecution for complicity in Martin's crimes if she testified in the suppression hearing (ECF No. 27, PageID 979-80). He asserts ineffective assistance of trial counsel arising from conflict of interest when his attorney threatened to withdraw if he insisted on testifying at the suppression hearing. *Id.* at PageID 980. He asserts he was denied his Sixth Amendment right to represent himself under *Faretta v. California,* 422 U.S. 806, 835 (1975). *Id.* at PageID 980-81. These ancillary claims are dealt with below.

Ground One should be dismissed with prejudice.

**Ground Two: Failure to Enforce the Exclusionary Rule**

In his Second Ground for Relief, Martin claims his due process and equal protection rights were violated when the state courts did not enforce the exclusionary rule, made the mandatory remedy for Fourth Amendment violations in the state courts in *Mapp v. Ohio*, 367 U.S. 643 (1961). Consideration of the merits of this claim is barred by *Stone*. In addition to Fourth Amendment arguments, Martin adds the same purported Fourteenth Amendment claims made in Ground One.

Martin also argues evidence should have been suppressed because officers did not comply with Ohio Revised Code § 2935.12. Federal habeas corpus is available only to correct federal

constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).

Ground Two should be dismissed on the same basis as Ground One and because violations of state statutes are not cognizable in habeas.

**Ground Three: Failure to Enforce the Exclusionary Rule**

As to Ground Three, Martin makes the same arguments regarding AEDPA deference and the *Stone v. Powell* bar as he made on Grounds One and Two; they are just as unpersuasive on Ground Three. He also repeats the same purported due process and equal protection claims made under the heading of Grounds One and Two

Ground Three should be dismissed because it is not cognizable under *Stone*.

**Ground Four:  Failure to Enforce the Exclusionary Rule**

Martin concedes AEDPA deference is applicable, but argues the *Stone* bar does not apply. Because of the same claimed due process violations, Martin seeks here a remand to the state courts with direction to give him the hearing to which he believes he is entitled, presumably under *Townsend*.

Ground Four is not cognizable, per *Stone*, and should be dismissed.

**Ground Five:  Failure to Merge Allied Offenses of Similar Import**

In his Fifth Ground for Relief, Martin claims the state court erred in failing to merge his convictions on Counts Two, Three, Four, and Seven under the Ohio allied offenses statute, Ohio Revised Code § 2941.25.  Because this violated State law, Martin claims it also violated his rights to due process and equal protection.

Ground Five is not cognizable.  *Levine, supra.*  Martin has abandoned this Ground for Relief.  (Reply, ECF No. 27, PageID 1011).

**Ground Six:  Imposing an Aggregate Sentence of Thirty-One Years Constitutes Cruel and Unusual Punishment in Violation of the Eighth Amendment**

Martin was given an aggregate sentence of thirty-one years for a weapons possession charge and a number of drug convictions.  He argues "This ground is another example of appellate Counsels' deficient performance."  However, the claim is not pleaded as a claim of ineffective assistance of appellate counsel, but rather as a stand-alone Eighth Amendment claim.

12

As Respondent points out, the Seventh District decided this claim on the merits and Petitioner has not shown how that decision is an unreasonable application of clearly established Supreme Court precedent: the Supreme Court has rejected Eighth Amendment challenges to longer sentences for less serious crimes. The Reply does not respond to that point. Ground Six should be dismissed with prejudice because it is without merit.

**Ground Seven: Denial of the Right of Self-Representation**

In his Seventh Ground for Relief, Martin claims he was denied his Sixth Amendment right to represent himself. He admits that this claim is procedurally defaulted because it was not raised on direct appeal. (Reply, ECF No. 27, PageID 1012). He blames the default on ineffective assistance of appellate counsel. *Id.*

Ineffective assistance of appellate counsel can be used to excuse a procedural default on appeal, but the ineffective assistance of appellate counsel claim must itself first be presented to the state courts in accordance with their procedure for deciding such claims. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Their conclusion on this question is subject to the same AEDPA deference as any other state court decision on the merits of a constitutional claim. Ohio's sole and exclusive procedure for presenting claims of ineffective assistance of appellate counsel is by application for reopening under Ohio R. App. P. 26(B). Martin filed such an application, but it was not decided on the merits because it was untimely. Martin's Ground Seven should be dismissed with prejudice as barred by his unexcused procedural default.

**Ground Eight: Procedural Misconduct by Withholding Evidence until Voir Dire**

In his Eighth Ground for Relief, Martin claims the prosecutor engaged in misconduct by withholding evidence that was important to the defense strategy until jury voir dire which he asserts violated his due process, equal protection, and fair trial rights.

Martin concedes this claim is procedurally defaulted as a stand-alone claim, but says he included it in the Petition in the hope it would support a claim of ineffective assistance of appellate counsel he had pending before the Seventh District (Reply, ECF No. 27, PageID 1021). He attempted to amend the Petition to add ineffective assistance of appellate counsel as a claim (Motion, ECF No. 17). The Magistrate Judge denied the proposed amendment on grounds of futility because Martin had not appealed to the Supreme Court of Ohio from the Seventh District's denial of his Rule 26(B) application and thus his ineffective assistance of appellate counsel claim was itself procedurally defaulted.

Martin asks that this Ground for Relief be dismissed without prejudice so that he can bring it again if he finds a way to excuse his defaults (Reply, ECF No. 27, PageID 1021). The Magistrate Judge disagrees. Martin's first suggested approach to resurrecting this claim is by applying for a writ of habeas corpus based on denial of his 26(B) application, but he has not suggested which constitutional right was violated by that dismissal.

He suggests he could file a second 26(B) application, but Ohio appellate courts will not entertain a second application. Ohio App. R. 26(B) makes no provision for successive applications. *State v. Richardson,* 74 Ohio St. 3d 235 (1996). Indeed, "there is no right to file successive applications for reopening" under App. R. 26(B). *State v. Twyford,* 106 Ohio St. 3d 176 (2005), *quoting State v. Williams,* 89 Ohio St. 3d 179 ¶ 12. Denial of a second 26(B)

application because Ohio law does not allow a second application was upheld as an adequate and independent state procedural ground of decision. *Smith v. Warden, Toledo Corr. Inst.*, 2019 U.S. App. LEXIS 18196 *32 (6th Cir. Jun. 18, 2019).

Moreover and more fundamentally, the Magistrate Judge does not understand what due process claim Martin is making: what evidence was the State constitutionally bound to disclose prior to voir dire? In his supporting facts for this Ground for Relief, Martin avers:

> On March 14, 2018 the State addressed the court during a hearing and acknowledged that they were somehow aware that defense counsel was planning to use an entrapment defense at trial.
>
> At the scheduled Jury trial on Aug. 27, 2018 the Petitioner was told by the court that he should speak with his attorney in private. The Petitioner was shown a statement that had been held under seal that directly refuted his attorneys planned entrapment defense.
>
> Petitioner was informed that his attorney did not have time to prepare a new defense strategy and the Petitioner's chance was to plead no-contest and throw himself upon the mercy of the court.
>
> The Prosecutor witholding [sic] this evidence until voir dire of the jury was prosecutorial misconduct and a involutary [sic] no-contest plea, thus violating the Petitioner's right to due process, equal protection of the law and his right to a fair trial under the 5th and 14th amendment to the U. S. Constitution.

(Petition, ECF No. 1, PageID 28). Even if proved, these facts would not constitute prosecutorial misconduct. There is no constitutional right to pre-trial discovery.

Ground Eight should be dismissed with prejudice as procedurally defaulted.

**Ground Nine: Failure to Enforce the Exclusionary Rule**

In Ground Nine Martin claims failure to enforce the exclusionary rule as required by the Fourth Amendment violates due process and equal protection. Martin again argues he is entitled

15

to a hearing with the scope prescribed by *Townsend*. For reasons already given, this claim is unpersuasive. Ground Nine should be dismissed with prejudice.

**Ground Ten: Ineffective Assistance of Trial Counsel in Violation of the Sixth Amendment**

In his Tenth Ground for Relief, Martin claims he was denied the effective assistance of trial counsel when his trial attorney failed to call the only available defense witness at the July, 2017, suppression hearing because of what Martin calls an "admitted conflict of interest", failed to allow Martin himself to testify, allowed the prosecutor to claim at sentencing that Martin was in possession of an AR-15, and requested a presentence investigation, knowing it would expose Martin's long but old criminal record (Petition, ECF No. 1, PageID 34).

Martin admits that as a stand-alone ineffective assistance of trial counsel claim, this claim is procedurally defaulted (Reply, ECF No. 27, PageID 1022). He claims ineffective assistance of appellate counsel is the excusing cause and seeks to dismiss the claim without prejudice. For the reasons given with Ground Eight, this argument is unpersuasive. Ground Ten should also be dismissed with prejudice.

**Ground Eleven: Prosecutorial Misconduct that Violated Martin's Right to Compulsory Process**

In his Eleventh Ground for Relief, Martin claims that prosecutorial misconduct violated his right to compulsory process. Martin asserts AEDPA deference is not applicable because the claim was not presented to either the trial court or the Seventh District. He asserts that it is because of ineffective assistance of trial and appellate counsel that this claim has not been adjudicated by the Ohio courts. He also admits the claim is procedurally defaulted, but asks that it be considered

16

as a sub-claim supporting his demand for a *Townsend*-scope hearing (Reply, ECF No. 27, PageID 1024).

McKenzie Strub was an eyewitness to the execution of the search warrant the police obtained for Martin's residence. She had either come voluntarily or had been subpoenaed to appear at the hearing on one of the suppression motions. Martin complains that the prosecutor made comments which had the effect of warning Ms. Strub that she could become a co-defendant with him. Under those circumstances, the prosecutor believed she needed to be admonished about her Fifth Amendment privilege not to incriminate herself. Thus cautioned, she declined to testify at all, presumably because her counsel, who was also Martin's counsel, declined to call her to the stand.

The fact that a witness could become a co-defendant does not give her immunity from prosecution. She was entitled to be cautioned about that and doing so did not interfere with Martin's compulsory process rights. A defendant does not have the power to confer immunity from prosecution on a witness. While a criminal defendant has the right to compulsory process to compel a witness to be present, he does not have the ability to override the witness's privilege against self-incrimination.

Moreover, Martin concedes this claim is procedurally defaulted (Reply, ECF No. 27, PageID 1024). He seeks to excuse this default by claiming it was caused by ineffective assistance of trial counsel and ineffective assistance of appellate counsel and requests dismissal without prejudice. His argument that he can cure his default is unpersuasive here as it was with Ground Eight. Ground Eleven should be dismissed with prejudice.

**Ground Twelve:  Trial Counsel's Conflict of Interest Deprived Petitioner of Due Process, Equal Protection, and his Right to Compulsory Process**

In his Twelfth and last Ground for Relief, Martin claims his trial attorney provided him with ineffective assistance when he warned McKenzie Strub of her risk of self-incrimination and then did not call her as a witness.  Apparently it was revealed during the June 2017 suppression hearing that Attorney Horvath, who was representing Martin, had also agreed to represent Ms. Strub if she were indicted.  Under those circumstances Martin argues the trial judge had a duty to inquire about a possible conflict of interest and did not do so.

Martin admits this claim is procedurally defaulted (Reply, ECF No. 27, PageID 1029) but asks the Court to consider it as a sub-claim in support of his claim for a *Townsend*-scope hearing. *Id.* For reasons already stated, this argument is unpersuasive in its attempt to excuse the default.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

August 29, 2022.

s/ *Michael R. Merz*<br>
United States Magistrate Judge