# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WILLIAM MARTIN,

        Petitioner,  :  Case No. 2:21-cv-5102

  - vs -                                Chief Judge Algenon L. Marbley
                                          Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

                                       :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

    This habeas corpus case, brought *pro se* by Petitioner William Martin under 28 U.S.C. § 2254 to obtain relief from his conviction in the Columbiana County Court of Common Pleas, is before the Court on Petitioner's Objections (ECF No. 31) to the Magistrate Judge's Report and Recommendations (the "Report", ECF No. 28) which recommends dismissal with prejudice. (Chief Judge Marbley has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 32).

    This Supplemental Report discusses Martin's objections in the order of their importance to analyzing the pending Report and Recommendations rather than in the order they are presented because the Objections are lengthy (forty-one pages) and repetitive.

**The Bar of *Stone v. Powell***

The Petition pleads twelve grounds for relief, most of which relate to Martin's claim that his Fourth Amendment rights were violated when the trial court did not exclude evidence seized by police (Grounds One, Two, Three, Four, Nine, and part of Eleven). The Report recommended dismissing all Fourth Amendment claims as barred by *Stone v. Powell*, 428 U.S. 465 (1976).

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Prima facie, then, the Ohio process provides a "fair and adequate" opportunity to litigate Fourth Amendment claims.

What process did Martin actually receive? The trial court considered and decided multiple motions to suppress (State Court Record, ECF No. 11, Exs. 8, 15, 21). Ohio allows a defendant to preserve a suppression claim by allowing an appeal after a no contest plea, and Martin used that vehicle (Brief on Appeal, ECF No. 11, Ex. 31). Ohio also allows appeal of Fourth Amendment issues from an adverse appellate decision to the Supreme Court of Ohio, but Martin filed no such appeal.

To avoid the bar of *Stone v. Powell*, a habeas petitioner must identify what it is about the state process that deprived him of a full and fair opportunity to present his Fourth Amendment issues. Martin never does that. He uses the phrase "full and fair" thirty-one times in his Objections, objecting to the Report's conclusion that he had a full and fair opportunity to litigate his Fourth Amendment claims, but he never says what was missing from the opportunity he had. In fact at one point he concedes:

> While petitioner could definitely have gone into further detail on the matter it cannot be said that he did not make an attempt to put the state on notice as to his claims until the filing of the Reply/Travers as the Magistrate incorrectly asserts. Petitioner, while arguably offering the bare minimum in his attempt to put the state on notice as to what his claims entailed, did make the attempt required.

(ECF No. 31, PageID 1072). But an attempt is not what is required. Habeas petitioners get two opportunities to plead their cases, the petition and the traverse. There is not some later pleading in which they can flesh out their attempts, unless it would somehow be in objections to a report and recommendations. Martin has not done even that; there is no place in the Objections where he spells out what he didn't get that is needed for a full and fair opportunity to litigate.

Martin's Objections to the conclusion that merits consideration of his Fourth Amendment

3

claims is barred by *Stone* are without merit and should be overruled.

**Due Process and Equal Protection Claims**

Martin also objects that the claims the Report recommends be dismissed under *Stone v. Powell* are not just Fourth Amendment claims, they are also Due Process and Equal Protection claims under the Fourteenth Amendment, to which *Stone* does not apply (Objections, ECF No. 31, See, e.g., PageID 1072, 1081, 1085, 1087, 1092).

These examples show that Martin fundamentally misunderstands what it means to plead a claim for habeas corpus relief. It is not sufficient merely to put the label "due process" or "equal protection" on a claim. Instead, a petitioner must plead facts which actually set forth a claim of due process or equal protection denial. For a due process claim, a petitioner must set forth what acts by the State deprived him of a process to which he was entitled under the Constitution. For an equal protection claim, a petitioner must describe what action was taken against him and the basis on which he claims it constitutes invidious discrimination. For example, it would be an equal protection violation for the State to systematically grant suppression hearings to male defendants, but to deny them to females.

Martin provides no factual allegations of this kind, but merely relabels his Fourth Amendment claims as "due process and equal protection." Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial

4

by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995). While a *pro se* litigant is entitled to a more liberal construction of is pleadings than an attorney, merely applying a labcel to a set of Fourth Amendment facts is inadequate.

**Petitioner's *Pro Se* Status**

In his Objections, Martin reminds the Court that, as a *pro se* litigant, he is entitled to liberal construction of his pleadings (ECF No. 31, PageID 1068, citing *Haines v. Kerner*, 404 U.S. 519 (1972)). Indeed he credits Magistrate Judge Elizabeth Preston Deavers with following *Haines*, but asserts:

> Magistrate Merz, since his appointment to this case replacing the Honorable Magistrate Judge Deavers, has seemed to hold petitioner to a higher standard and interpreted his pleadings more stringently directly contradicting his duties as defined by the U. S. Supreme Court as well as this Circuit.

*Id.* When she ordered an answer in this case, Judge Deavers found, applying Habeas Rule 4, that it did not plainly appear from the face of the Petition and any attachments that Petitioner is not entitled to relief, but that is the only substantial act she took in the case before it was transferred (Order, ECF No. 3, PageID 65.)

Petitioner filed a Motion to Stay at the outset of the case (ECF No. 2). Judge Deavers twice ordered the Respondent to reply to that Motion (ECF No. 4). Despite the fact that Respondent had not obeyed that Order, Judge Deavers denied the Motion to Stay without prejudice until the record

5

was filed (ECF No. 8, PageID 75). Since the State Court Record and Answer were filed and the case transferred to the undersigned, Martin has not renewed his Motion to Stay.

In accordance with Judge Deavers' Order for Answer, Petitioner's traverse was originally due April 18, 2022 (Notice, ECF No. 14). That time was extended three times on Petitioner's Motion (ECF Nos. 15, 16, 23, 24, 25 & 26). The Traverse was then filed August 23, 2022 (ECF No. 27). Although liberality in granting extensions of time is not what *Haines* addresses, Martin has been given all the time he requested to prepare a Traverse. *Haines* requires liberality in construing a *pro se* litigant's filings. But that does not mean a *pro se* litigant can just label some portion of the state court proceedings as a denial of equal protection and then expect the Court to comb the record to make up something that looks like an equal protection claim.

**Depth of Consideration**

Martin's next argument is that the undersigned did not take enough time to decide his case.

> The District Court Clerk received the petitioners Reply on August 24th, 2022, notably a Wednesday. Presumably the magistrate would not have received the petitioners Reply until the 25th, a Thursday. Again presumably, the magistrate would not have spent his weekend. Sat. and Sun. the 27 and 28th working on the Report and Recommendation. The Clerk then received and filed the Magistrates "Report and Recommendation" on August 29th, 2022, notably a Monday.
>
> Therefore, the Magistrate, if he devoted every working minute between receiving the Reply and filing his Report and Recommendation, spent a total of two and a half days in the reviewing of over one thousand pages that the current record consists of. The Magistrate would have us believe that not only did he read over the record as it stands but that he also cross-referenced and fact checked relevant citations to the trial court transcripts, reviewed cited case law by both parties and researched the

> applicability of the cited cases. He also prepared a nineteen-page Report and Recommendation within this timeframe.

(Objections, ECF No. 31, PageID 1098).

These inferences about the Magistrate Judge 's work patterns are unwarranted. Petitioner's Traverse was filed electronically and therefore immediately available to the undersigned on August 24, 2022. The undersigned frequently works Saturdays and Sundays, so it is not two and one-half days from Traverse to Report and Recommendations, but six days. For a judge whose exclusive work is with habeas corpus cases, it is not necessary to read and cite check every citation made by the parties to know if they are applicable. The result of those six days of work was a nineteen-page Report and Recommendations. The Court should evaluate that work on its merits and not reject it because Petitioner believes it reflects what a "lackadaisical"[1] attitude by the undersigned.

**Motion to Amend**

As part of his Objections on the merits, Petitioner again raises his claim he should have been allowed to amend his Petition. He filed his Motion to Amend to add a claim of ineffective assistance of appellate counsel on May 25, 2022 (ECF No. 17). In denying the motion, the Magistrate Judge noted that Martin's ineffective assistance of appellate counsel claim was procedurally defaulted because he had never appealed from denial of that claim in the Seventh District Court of Appeals to the Supreme Court of Ohio (Decision, ECF No. 18). Martin objected (ECF No. 19), Chief Judge Marbley recommitted for reconsideration (ECF No. 20), and the

---

[1] Petitioner's description, ECF No. 31, PageID 1100).

undersigned adhered to his original position. Martin's objection was not directed to the substance of the procedural default defense, but to the fact that the Magistrate Judge raised the defense *sua sponte*.

In the Supplemental Opinion, the undersigned cited authority supporting *sua sponte* consideration of affirmative defenses in habeas cases. In his Objections to the Supplemental Opinion, Martin shifted ground again. Implicitly conceding that raising procedural default *sua sponte* is not improper, Martin then argued it was error to do so without notifying Petitioner that he intended to do so and allowing him an opportunity to respond (Objections, ECF No. 22, PageID 892). Martin objected that the Magistrate Judge had "force[d] petitioner to attempt to make a showing of any recognized exception to the exhaustion[2] rule through means of an objection after he summarily denied petitioners motion to amend. . ." *Id.*

The Sixth Circuit has expressly held it is not inappropriate for the Court to raise a procedural default defense *sua sponte*. *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case). Even if waived by the State, it may be raised *sua sponte* by the federal courts. *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), *citing Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). *Strong v. Nagy*, 962 F. 3d 192 (6th Cir. 2020)(Moore, Clay & Murphy). Even if bypassed by the District Court, it may be raised *sua sponte* on appeal: "Although the district court elected to skip to the merits of Strong's claims, we resolve his appeal on the basis of procedural default. See *Sheffield v. Burt,* 731 F. App'x 438, 441 (6th Cir. 2018) ("[W]here a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the

---

[2] It is not the exhaustion rule that is at issue, but the procedural default rule.

8

procedural default issue.").

In considering a motion to amend, a district court is bound to consider whether the amended pleading would be subject to dismissal on motion. *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.). Petitioner gives no reason or authority for the proposition that the opportunity to file objections is not adequate to protect a litigant's position on a defense raised *sua sponte*.

Martin concludes by asserting the law requires allowing an amendment and waiting to see if the opposing party moves to dismiss. "'Martin's apparently preferred process would be to grant all motions to amend and wait to see what response is made'. While the Magistrate seemingly takes offense to this, it is actually what the law dictates and his own citations support this argument." (Objections, ECF No. 22, PageID 906.) To the contrary, Fed.R.Civ.P. 15 allows amendment when the amended pleading would not be subject to dismissal on motion. Martin's proposed amendment is barred by procedural default. The cited law on raising a procedural default defense *sua sponte* supports denying Martin's Motion to Amend.

Martin argues *Day v. McDonough*, 547 U.S. 198 (2006), required that he be given an opportunity to respond to the procedural default defense before the Magistrate Judge "acted on his own initiative." (Objections, ECF No. 31, PageID 1066). The "initiative" here was from Martin

9

who affirmatively asked the Court to allow him to amend. The Magistrate Judge did not search the record before that Motion was filed to look for defenses to raise *sua sponte*.

The difference in context between this case and *Day* must also be appreciated. In *Day* the Supreme Court was considering a *sua sponte* dismissal on statute of limitations grounds made by a District Judge on initial review under Rule 4. In such as case the petitioner has no opportunity to oppose the dismissal before it happens. Indeed, he or she may be unable to raise the issue on appeal unless the District Judge issues a certificate of appealability. In a case such as this where the defense is raised by a Magistrate Judge, the petitioner always has the opportunity to object. See Fed.R.Civ.P. 72(b). Martin cites no authority holding that is an inadequate opportunity.

Chief Judge Marbley has not remanded the Magistrate Judge's decision on the motion to amend since Martin's most recent objections. It remains pending for his decision on Martin's Objections.

**Applicability of the Antiterrorism and Effective Death Penalty Act**

Martin objects to the Magistrate Judge's conclusion that the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") is applicable to his case. (Objections, ECF No. 31, PageID 1069.) To the contrary, AEDPA applies to all habeas corpus cases filed after April 24, 1996, as this case was. *Benge v. Johnson*, 474 F.3d 236, 241 (6th Cir. 2007); *Bowling v. Parker*, 344 F.3d 487 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004); *Mason v. Mitchell*, 320 F.3d 604, 613 (6th Cir. 2003); *Herbert v. Billy*, 160 F.3d 1131 (6th Cir. 1998), *citing Lindh v. Murphy,* 521 U.S. 320 (1997) and *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1998).

The more relevant question is whether Martin is entitled to *de novo* review of his claims or

deferential review under 28 U.S.C. § 2254(d).  Martin takes the position that, because the Seventh District Court of Appeals did not decide the merits of his Grounds for Relief #1, 2, 3, 7, 8, 10, 11 and 12, its decision is not entitled to deference under 28 U.S.C. § 2254(d)(Objections, ECF No. 31, PageID 1070).

On direct appeal, Martin presented four assignments of error, the first two of which dealt with his Fourth Amendment claims (Appellant's Amended Merit Brief, State Court Record, ECF No. 11, Ex. 33).  The Seventh District decided those claims did not have merit; it did not refuse to consider the merits because of some procedural issue.  When Martin asserts that court did not decide his Fourth Amendment issues on the merits, he complains:

> The Seventh District failed to take **cognizance of the individual issues** as presented to the trial court. In particular, concerning the argument herein presented, the Seventh District failed to take cognizance of whether or not officers unlawfully trespassed upon the curtilage of appellants' residence thus beginning an unreasonable search for U. S. IVth Amendment purposes. If the court found that they did unlawfully trespass upon the curtilage then the court next should have determined if that fact tainted the evidence in question as "Fruit of the Poisonous Tree" and, if so, whether or not the "Exclusionary Rule" should have been applied to the evidence in question. "

(Objections, ECF No. 31, PageID 1071, emphasis supplied.)  The question of whether "officers trespassed upon the curtilage" was not before the Seventh District on direct appeal; the first time curtilage was mentioned in the case was in Martin's Application to Reopen his appeal.  (State Court Record, ECF No. 11, Ex. 39, PageID 476).  But this example illustrates the error in Martin's analysis of what constitutes a decision on the merits.

A state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U. S.C. § 2254(d)(1) even if the state court does not explicitly refer to the federal claim or sub-claim or to relevant federal case law.  In *Harrington v. Richter*, 562 U.S. 86 (2011), the

Supreme Court held:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *See Chadwick v. Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v. Stovall,* 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196 F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (CA8 1999). And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

*Id.* at 98. "This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decisions can be deemed to have been 'adjudicated on the merits.'" *Id.* at 100. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Brown v. Bobby*, 656 F.3d 325, 329 (6th Cir. 2011), *quoting Harrington,* 131 S. Ct. at 784-85.

In sum, a state appellate court need not discuss every argument raised by an appellant in order to decide a case on the merits. Martin presented his Fourth Amendment claims to the Seventh District and that court rejected them with a reasoned explanation. That is sufficient to warrant

12

AEDPA deference.

Martin's alternative to AEDPA deference is *de novo* review. At many points in his Objections, Martin relies on *Townsend v. Sain,* 372 U.S. 293 (1963), as describing the "full and fair" opportunity to litigate Fourth Amendment claims which state courts must provide to avoid an evidentiary hearing in federal habeas. He also expressly objects to the Magistrate Judge's conclusion that *Townsend* is no longer controlling law.

> Prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, the decision to grant an evidentiary hearing was generally left to the sound discretion of district courts. *Brown v. Allen*, 344 U.S. 443, 463-464, 73 S. Ct. 397, 97 L. Ed. 469 (1953); see also *Townsend v. Sain,* 372 U.S. 293, 313, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963).

*Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Under *Townsend* a habeas corpus petitioner was entitled to an evidentiary hearing on his factual allegations if

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Townsend*, 372 U.S. at 313. But AEDPA has completely supplanted *Townsend* as a source of law on holding evidentiary hearings in federal habeas. See 28 U.S.C. § 2254(e). Moreover, the Supreme Court has interpreted AEDPA to limit the factual record on which a Petitioner must prove a state court factual determination is unreasonable to the record made in the state court. *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (2022). Moreover, even though the *Stone* Court cited to *Townsend* parenthetically, it did not rely on

13

*Townsend* for the standard for what the state courts must do to allow a "full and fair" opportunity to litigate a Fourth Amendment claim.

Ultimately this argument is moot: the Report does not offer an evaluation of the merits of Martin's Fourth Amendment claims under either a *de novo* or AEDPA deferential standard because this Court's consideration of the merits of the Fourth Amendment claims is barred by *Stone*.

**Enforcement of State Law**

In his argument in support of his Second Ground for Relief, Martin claimed the officers conducting the search did not comply with Ohio Revised Code § 2935.12. The Report concluded this claim was not cognizable in habeas corpus because only federal constitutional claims are cognizable. Martin objects. "In general, the Magistrate would be correct. However, some state statutes are grounded in state and federal constitutional law." He argues that 2935.12 is such a statute and therefore enforceable in habeas corpus (Objections, ECF No. 31, PageID 1083). The only authority he cites for this proposition is *State v. Klein*, 1985 Ohio App. LEXIS 6349 (Ohio 6th App. Dist. 1985). Manifestly *Klein* is not a federal habeas corpus case. The court reversed a suppression of evidence by the trial court on the ground that the seizure was not unreasonable under the Fourth Amendment even though the search warrant had arguably not been executed in a manner required by Ohio statute[3]. The *Klein* court did not hold that the exclusionary rule applied to violations of § 2935.12 or that such violations rise to the level of constitutional magnitude. The fact that a state statute relates to search and seizure does not make violations of that statute redressable in habeas.

---

[3] The warrant had been issued to an agent of the Ohio Bureau of Criminal Investigation.

**Ground Eight**

In Ground Eight Petitioner complains that the prosecuting attorney revealed on the morning of trial a letter which essentially negated Martin's planned entrapment defense. The Report concluded this was not a cognizable claim because there is no constitutional right to pre-trial discovery.[4] Martin objects:

> Contrary to the belief of the Magistrate, a citizen of the United States of America does have a constitutional right to pre-trial discovery. Admittedly one does not have the right to discovery of every and any piece of information in the possession of the state, however one clearly has the right to discovery of evidence that is pertinent to his defense. *Brady v. Maryland,* 373 U. S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215, (U. S. 1963).

Objections, ECF No. 31, PageID 1093).

In *Brady* the Supreme Court held the State has a duty to produce **exculpatory** evidence in a criminal case. If the State withholds exculpatory evidence and it is material, the conviction must be reversed. *Brady v. Maryland*, 373 U.S. 83 (1963). The evidence in question was not exculpatory; by Martin's account, it completely undermined his entrapment defense.

**Conclusion**

Having reconsidered the case as directed by the Recommittal Order, the Magistrate Judge remains persuaded that it should be dismissed with prejudice. Because reasonable jurists would

---

[4] The Report also found that claim was barred by Martin's procedural default in not presenting it on appeal. Martin asserts he could show cause and prejudice if the Court would allow him to amend to add his ineffective assistance of appellate counsel claim(s). The Report found those claims were themselves procedurally defaulted.

15

not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 26, 2022.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge

#