IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MARTIN, : | |
| : | Case No. 2:21-cv-5102 |
| Petitioner, : | |
| : | Chief Judge Algenon L. Marbley |
| vs. : | Magistrate Judge Michael R. Merz |
| : | |
| WARDEN, Belmont Correctional : | |
| Institution, : | |
| : | |
| Respondent. : | |

## **OPINION & ORDER**

This matter is before the Court on Petitioner's Objections (ECF Nos. 19) (the "first Objections") to the Magistrate Judge's Order (ECF No. 18) denying Petitioner's Motion to Amend (ECF No. 17), as well as Petitioner's subsequent Objections (ECF No. 22) (the "second Objections") to the Magistrate Judge's Supplemental Order (ECF No. 21) reaffirming its earlier decision. For the foregoing reasons, Petitioner's Objections (ECF Nos. 19, 22) to the Magistrate Judge's Orders (ECF Nos. 18, 21) are **OVERRULED**. Accordingly, Petitioner's Motion to Amend (ECF No. 17) is **DENIED**.

## I. BACKGROUND

Petitioner William Martin is an inmate at Belmont Correctional Institution. (ECF No. 1 at 1). On October 12, 2018, the Columbiana County Court of Common Pleas sentenced Petitioner to 31 years' imprisonment following his conviction for various drug and weapons-related offenses. (*Id.*). On October 22, 2021, Petitioner filed his *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1).

In his Petition, Petitioner listed twelve grounds for relief. Petitioner noted, however, that grounds 1, 2, 7, 8, 9, 10, 11, and 12 had not been raised on appeal—and therefore, remained

1

unexhausted—due to ineffective assistance of his appellate counsel. (*Id.* at 41). Petitioner also therein indicated that his Ohio App. R. 26(B) [1] motion to reopen his appeal based on the enumerated grounds was pending a decision by the state court of appeals. (*Id.*).

On December 6, 2021, the Ohio Seventh District Court of Appeals denied Petitioner's motion to reopen as untimely without "good cause for his delay." *State v. Martin*, 7th Dist. Columbiana No. 18 CO 0033, 2021-Ohio-4290, ¶¶ 3, 4–7. Specifically, the court noted that Petitioner filed his application one year past the ninety-day deadline. *Id.* ¶ 3.

On May 11, 2022, Petitioner filed the instant motion, his Motion to Amend, seeking to add an additional ground of ineffective assistance of appellate counsel to his habeas petition. (ECF No. 17 at 1). In the Motion, Petitioner conceded that "it may have been prudent to include this as an independent issue in the original petition but [he] was ignorant of the technical procedural requirements at the time." (*Id.*).

On May 13, 2022, the Magistrate Judge issued an Order denying Petitioner's Motion based on a *sua sponte* finding of procedural default. (ECF No. 18 at 3). Particularly, the Magistrate Judge concluded that Petitioner's claim of ineffective assistance of appellate counsel, as an independent claim for relief or to excuse his procedural default in failing to present his enumerated grounds for relief on direct appeal, would be subject to dismissal as itself procedurally defaulted for failure to present it to the Supreme Court of Ohio. (*Id.*). Because the claim was procedurally defaulted, the Magistrate Judge concluded, Petitioner's Motion was due dismissal because amending the complaint would be futile. (*Id.* at 3; ECF No. 21 at 2).

Petitioner's first Objections argued mainly that the Magistrate Judge improperly raised futility *sua sponte* because only a party to the lawsuit can raise the defense of procedural default.

---

[1] Ohio App. R. 26(B)(1) provides that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel."

(ECF No. 19 at 2). Petitioner further contended that the Magistrate Judge's *sua sponte* ruling unjustly "deprived him of a fair opportunity to respond and make a showing of cause and prejudice to overcome the default." (*Id.* at 3).

This Court subsequently recommitted the matter to the Magistrate Judge for further reconsideration in light of Petitioner's first Objections. (ECF No. 20). On May 24, 2022, the Magistrate Judge issued his Supplemental Opinion reaffirming his previous decision. In rebutting Petitioner's first Objections, the Magistrate Judge reasoned that the district court retains the ability to raise procedural default *sua sponte* as well as to dismiss a motion to amend as futile. The Supplemental Opinion also asserted that the *sua sponte* dismissal did not prejudice Petitioner because he retained the right to object under Fed. R. Civ. P. 72 and thus be heard on the merits of the procedural default.

Petitioner then filed his second Objections. (ECF No. 22). This time, Petitioner cited to additional facts to argue his entitlement to the "cause and prejudice" exception to the procedural default rule. The essence of Petitioner's new argument is that his procedural default resulted from delays caused by the state appellate court and his appellate attorney. Namely, Petitioner alleged that the Columbiana County Clerk of Courts failed to notify him of his dismissed Ohio App. R. 26(B) motion, instead merely forwarding a copy of the judgment to Petitioner's allegedly ineffective former appellate counsel. (*Id.* at 11–12). Then, Petitioner alleged, former counsel forwarded the judgment to the wrong institution, causing Petitioner to receive it only one day before his notice of appeal was due to the Ohio Supreme Court. (*Id.* at 12). Petitioner alleged that he was thus forced to file a motion for a delayed appeal to the Ohio Supreme Court, which the clerk rejected because his case involved a decision on Ohio App. R. 26(B) motion. (*Id.*).

3

Petitioner added further requests for relief to his second Objections. Petitioner first requested that this Court provide him an evidentiary hearing to consider his claims for "cause and prejudice." (*Id.* at 16). If this Court denies the requested relief, Petitioner requested to be granted a certificate of appealability concerning the underlying Motion. (*Id.*). Petitioner also indicated that he "will be filing a motion for a stay and abeyance" if this Court permits the Magistrate Judge's denial of his Motion to Amend. (*Id.* at 9).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Indeed, "the clearly erroneous standard applies to factual findings by the magistrate judge" in light of the considerable deference that Rule 72(a) provides to the determinations of magistrates. Fed. R. Civ. P. 72(a); *Hunter v. Booz Allen Hamilton, Inc.*, No. 2:19-CV-411, 2021 WL 2410378, at *2 (S.D. Ohio June 14, 2021) (Marbley, J.) (internal quotation marks omitted). A magistrate judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a magistrate judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks and citation omitted).

A court should "freely give leave [to amend] when justice so requires it." Fed. R. Civ. P. 15(a)(2). Although the rule allows a liberal policy in favor of granting amendment, the trial court

retains the discretion to consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 459 (S.D. Ohio 2021) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As the United States Supreme Court has explained, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). When a petitioner defaults on a federal claim in state court pursuant to state procedural law, "federal habeas review of the claim is barred unless the petitioner can demonstrate (1) cause for the default and actual prejudice, or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

### III. LAW AND ANALYSIS

#### A. Plaintiff's Motion to Amend

This Court first considers Petitioner's arguments that the Magistrate Judge erred by raising the issue of procedural default *sua sponte* without an evidentiary hearing and by finding that Petitioner failed to demonstrate cause and prejudice excusing his procedural default.

In his Objections, Petitioner argues that binding precedent requires this Court to hold an evidentiary hearing to afford him fair opportunity to overcome an alleged procedural default. Petitioner asserts that the Magistrate Judge's Order thus ignores "well-established law" under Rule 6 of the Rules Governing §2254 Cases in the United States District Courts and precedent under the law in this Circuit and the United States Supreme Court. On the merits, Petitioner argues that the Magistrate Judge should have found that he demonstrated cause and prejudice excusing his

5

procedural default because his default was caused by "the actions of the Columbiana County Clerk's Office."

When determining whether a prisoner has procedurally defaulted on his habeas claim, a court must conduct a four-part inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . Fourth, if the preceding questions are answered in the affirmative, the petitioner must demonstrate that there was cause for him to neglect the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Williams*, 380 F.3d at 966.

This inquiry focuses on "the last explained state court judgment to determine whether relief is barred on procedural grounds." *Stojetz v. Ishee*, 892 F.3d 175, 191 (6th Cir. 2018) (internal quotation marks and citations omitted). The Sixth Circuit has noted that a petitioner must have presented a claim of ineffective assistance of counsel to the state courts as an independent claim before it may be used to establish cause excusing a procedural default. *Williams v. Bagley*, 380 F.3d 932, 971 (6th Cir. 2004). The procedural default of an ineffective assistance claim may "*itself* be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim." *Id.* (quoting *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000)) (emphasis in original).

As a threshold issue, Petitioner fails to demonstrate that the Magistrate Judge's *sua sponte* dismissal of his Motion without an evidentiary hearing is "clearly erroneous." None of the cases which Petitioner cites in support of this argument provides binding authority for the proposition that a court is required *categorically* to hold an evidentiary hearing to determine that the petitioner has failed to demonstrate cause and prejudice excusing his procedural default. To the contrary, the

6

Sixth Circuit denied pointedly a similar argument in a previous habeas case. In *Williams*, the Court denied a habeas petitioner's claim that the district court erred in rejecting his demands for an evidentiary hearing in order to demonstrate that ineffective assistance of counsel served as cause excusing his procedural default. 380 F.3d at 977. At any rate, the Magistrate Judge's Order is based on evidence already included in the record. Petitioner does not otherwise demonstrate how an evidentiary hearing might produce evidence bearing materially on the consideration of whether cause and prejudice exists to excuse his default.

Petitioner similarly fails to demonstrate that the Magistrate Judge's Order clearly erred in determining that his claim for ineffective assistance of appellate counsel is procedurally defaulted. Instead, Petitioner acknowledges in his second Objections that his claim is procedurally defaulted for his failure to exhaust his ineffective assistance of appellate counsel claim. (*See* ECF No. 22 at 8–10). Petitioner's argument takes issue with the Magistrate Judge's determination that he failed to demonstrate the prerequisite cause and prejudice to excuse the default. Petitioner does not, however, offer any authority which establishes that the determination was contrary to law. As such, this Court agrees with the Magistrate Judge that "Petitioner makes no substantive objection . . . [because] he does not claim he did in fact appeal to the Ohio Supreme Court from the Seventh District's denial of his 26(B) Application." (ECF No. 21 at 2).

For these reasons, Petitioner's Objections are **OVERRULED**. The Motion to Amend is therefore **DENIED**.

### B. Certificate of Appealability

In his Second Objections, Plaintiff further requests this Court grant him a certificate of appealability should his Motion to Amend be denied. (ECF No. 22 at 4, 17). Petitioner makes no further argument concerning his entitlement to this form of relief.

7

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a *final* order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a) (emphasis added). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A court that denies relief on procedural grounds should issue a certificate of appealability only "if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling." *Pann v. Warren*, No. 5:08-CV-13806, 2015 WL 13881043, at *2 (E.D. Mich. Mar. 13, 2015) (citing *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)).

Even if the Magistrate Judge's Order were a "final order," Petitioner nonetheless fails to demonstrate that the procedure-based denial of his Motion to Amend was grounded in debatable reasoning. Further, Petitioner himself acknowledges that his claims for ineffective assistance of appellate counsel claims are procedurally defaulted. (*See* ECF No. 22 at 8–10). Petitioner's request for a certificate of appealability concerning his denied Motion to Amend is therefore **DENIED**.

### IV.     CONCLUSION

For the foregoing reasons, Petitioner's Objections (ECF Nos. 19, 22) to the Magistrate Judge's Orders (ECF Nos. 18, 21) are **OVERRULED**. Accordingly, Petitioner's Motion to Amend (ECF No. 17) is **DENIED**.

IT IS SO ORDERED.

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 13, 2023**