# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WILLIAM MARTIN,

        Petitioner,    :    Case No. 2:21-cv-5102

 - vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

    :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner William Martin, is before the Court on Petitioner's Motion to Amend/Alter the Judgment Pursuant to Fed.R.Civ.P. 59(e)(ECF No. 49) and his Motion for Additional Findings (ECF No. 50). As post-judgment motions, both are deemed referred for report and recommendation under 28 U.S.C. § 636(b)(3).

**Motion to Amend the Judgment**

A motion under Rule 59(e) is directed to the final judgment in a case, a judgment from which an appeal can be taken. Fed.R.Civ.P. 54(a). Until an appealable judgment is entered, other orders in a case are interlocutory and can be modified by the Court as necessary. Parties ordinarily seeks modification of interlocutory orders by motion for reconsideration, with motions under Fed.R.Civ.P. 59(e) reserved for final judgments.

1

**Timeliness of Motion**

Motions under Rule 59(e) must be filed within twenty-eight days of judgment, a time limit district courts are without authority to extend. See Fed.R.Civ.P. 6(b)(2). Judgment was entered in this case on May 9, 2023 (ECF No. 46). Any motion under Fed.R.Civ.P. 59(e) was therefore required to be filed by June 6, 2023. The Petitioner's Rule 59(e) Motion was received by the Clerk and docketed on June 12, 2023. However, the Motion is accompanied by Petitioner's Declaration of Mailing which states:

> I, William E. Martin II, declare under penalty of perjury that the foregoing [sic] is true and correct:
>
> A copy of petitioners MOTION TO AMEND/ALTER JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) was submitted to prison authorities on June 1St, 2023 for filing purposes. This document was placed in a sealed envelope and submitted to prison authorities by way of the provided mail box. Petitioner had funds available to cover postage. Please file on this date, June 1St, 2023, according to the "Mail Box Rule" set forth in *Houston v. Lack*, 487 U.S. 266, 101 L. Ed 2d 245, 108 S. Ct. 2379 (US 1988) and in compliance with 28 USCS §1746 and Fed. R. App. P 25(a)(2)(A)(iii).

(ECF No. 49, PageID 1223). The Motion was mailed in an envelope postmarked June 7, 2023. *Id.* at PageID 1224.

This Declaration of Mailing suffers from all the deficiencies detailed below as to proof of mailing of Petitioner's Objections to the Magistrate Judge's Report and Recommendations on the merits. Petitioner's position appears to be that an inmate's Declaration of Mailing must be accepted by the Court as conclusive proof of entitlement under *Houston, supra.* For reasons given below, the Magistrate Judge disagrees with that position, but will, in the exercise of his discretion, accept the Declaration of Mailing on the Fed.R.Civ.P. 59(e) Motion and deem that Motion timely filed as of June 1, 2023.

**Standard of Review**

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"*Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)). Martin does not argue any of the last three factors, but asserts the judgment is based on a clear error of law. Moreover, he does not argue any error in the substantive law of habeas corpus applied to his case, but complains that judgment is based on the legally-improper striking of his Objections to the Second Supplemental Report and Recommendations on the merits.

In *Houston v. Lack,* 487 U.S. 266 (1988), the Supreme Court adopted the "mailbox" rule: a prisoner's date of filing of a document is the date he or she deposited it in the prison mailing system. The Supreme Court did not specify a method of proving that date.  for a prisoner's filig of a notice of appeal. In striking Petitioner's Objections, the undersigned[1] noted:

> Although Martin states he deposited the Objections in the prison mailing system on April 25, 2023 (PageID 1211), he offers no corroboration of that claim. While precedent directs us to follow the mailbox rule, it does not command us to accept a prisoner's uncorroborated representation of when deposit in the mail took place. In this case, the postmark shows the Objections were mailed May 9, 2023 (PageID 1212), a full two weeks after Martin claims he deposited them. In adopting the mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1988), Justice Brennan assumed the date of deposit could be corroborated by a log of such deposits by the prison, but the Court understands no such log exists in Martin's place of confinement.

(Order, ECF No. 48, PageID 1214).

---

[1] Petitioner attributes the striking to Chief Judge Marbley, but it was actually entered by the undersigned.

3

Attributing the striking to the Chief Judge rather than to the undersigned, Martin describes it as an abuse of discretion:

> The [Magistrate Judge's] holdings are based upon his personal opinion about the supposed reasoning of Justice Brennan in the dictum. It is the outcome of *Houston* that is binding upon this court. The [Magistrate Judge] offers no citation to any case to support his contrary conclusion and therefore failure to abide by *Houston* is an abuse of discretion.

(ECF No. 49, PageID 1217).

In *Houston* Justice Brennan wrote for a five-justice majority. The precise question at issue was whether a notice of appeal had been timely filed where timely filing was a jurisdictional[2] requirement under Fed. R. App. P. 4(a)(1). The Court found that, acting *pro se*, Houston had deposited the notice of appeal with the prison authorities twenty-seven days after judgment and that "date of deposit was recorded in the prison log of outgoing mail." 487 U.S. at 268.

The mailbox rule as adopted in Houston is that filing by an incarcerated person occurs when the document is deposited with prison authorities for mailing. The date of deposit in *Houston* was uncontested and indeed proven by admission of the prison authorities. Martin argues this Court's holding is based on its "personal opinion" about Justice Brennan's reasoning. Not so. Justice Brennan wrote:

> The *pro se* prisoner does not anonymously drop his notice of appeal in a public mailbox-he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date. Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se*

---

[2] The issue of timeliness was not raised by the parties, but by the Sixth Circuit *sua sponte*. This was appropriate given the duty of all federal courts to enforce jurisdictional limitations. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

4

> prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one.

487 U.S. at 285.

Thus the mailbox rule – the holding of the case -- is that the date of deposit with prison authorities is controlling as the date of filing, *Houston* did not adopt a rule that the prisoner's declaration of that date is dispositive. Instead, like any other fact that must be established in federal court, it is subject to the submission of evidence. Justice Brennan's opinion recognizes that a prisoner's declaration will be admissible evidence on that point, but prison records will also be admissible. *Houston* does not even create a presumption that a prisoner's declaration is correct and must be accepted unless contrary evidence is submitted.

Martin addresses directly the question of which party bears the burden of proof of the date of deposit. He relies on Seventh Circuit precedent holding that the burden of proof is on the prison authorities to show that a prisoner is not entitled to the benefit of *Houston* in a particular instance and notes that the prison authorities can adopt procedures to document mailing events. (Motion, ECF No. 49, PageID 1218-19, citing *Ray v. Clements*, 700 F. 3d 993, 1010 (7th Cir. 2012), which in turns relies on *Thomas v. Gish*, 64 F.3d 323, 325 (7th Cir. 1995)).

*Ray*, even if it were binding on this Court,[3] does not support Martin's position that his Declaration of Mailing is dispositive or shifts the burden of proof to the State. Instead, the Seventh Circuit recognized the need to prevent fraud by prisoner litigants and held

> The prisoner's sworn declaration should identify the who, what, when, where, how, and why of his alleged delivery to a prison official. And in cases where the purported filing is not received by the court, the petitioner must supply a sworn declaration attesting to these facts plus some other corroborating evidence. This "other evidence" can be documentary (for example, copies of the filing, postmarked envelope, or other correspondences). Or, it may be testimonial.

---

[3] Decisional law of the Seventh Circuit is not binding precedent in this District, which lies in the Sixth Circuit.

700 F.3d at 10l11.

In contrast to the form of declaration the Seventh Circuit prescribed in *Ray*, Martin's Declaration of Mailing is purely conclusory. He avers that the Objections were submitted to unnamed "prison authorities" in a sealed envelope. By whom were they submitted? To whom were they submitted? When and where? None of these details is mentioned. And there is no corroboration. Where is the declaration of another inmate who saw the deposit or of a prison employee.[4]

*Ray* anticipates a postmark may provide corroboration of the date of deposit. The envelope in which the Objections were mailed bears a postmark of May 9, 2023, two weeks after the claimed date of deposit, so the postmark does not support Martin's claim.

Martin's Motion accuses the Court of abuse of discretion, but his claim amounts to an assertion the Court has no discretion but must take the prisoner's word for the date of mailing. The Magistrate Judge disagrees. The date of deposit in the prison mail system is a question of fact on which the prisoner bears the burden of proof. A judge is no more bound to accept the uncorroborated word of a very interested witness than a jury would be bound to accept the uncorroborated testimony of a defendant that "I didn't do it."[5]

Petitioner claims that this Court has held that a certificate of service is sufficient to shift the burden of proof to the State (ECF No. 49, PageID 1221, citing *Glenn v. Warden, Ross Corr. Inst.*, 2013 U.S. Dist. LEXIS 11501). No opinion of this Court appears at all at the cited location.

Petitioner has shown no "clear error" of law in this Court's rejection of his Objections as

---

[4] This Court has accepted as timely a filing received more than two years after the claimed deposit when the deposit was testified to by an independent witness.
[5] At common law the temptation to perjury in criminal cases was deemed so strong that a defendant was not permitted to testify in his own defense.

untimely. His Motion to Amend the Judgment should therefore be DENIED.

**Motion for Additional Findings**

Petitioner brings his Motion for Additional Findings under Fed.R.Civ.P. 52.

Martin notes that granting his Motion to Amend would render this Motion moot. Because the Magistrate Judge has recommended denying the Rule 59(e) Motion, the Rule 52 Motion must be decided.

Fed.R.Civ.P. 52(a) requires that in a case tried to the bench without a jury that court must state its findings of fact and conclusions of law separately. Rule 52 is inapplicable to habeas corpus cases because the factual basis of the habeas court's ruling must almost always be based on the State Court Record. See *Cullen v. Pinholster*, 563 U.S. 170 (2011). That is certainly the case here where no trial was held.

Petitioner's Motion appears to attack the final order for judgment in the case for being too summary. Thus it lists objections which Petitioner has to various findings of fact and conclusions of law set forth in all three of the Magistrate Judge's Reports on the merits and notes that the Order Adopting the Second Supplemental Report and Recommendations (ECF No. 45) does not discuss the objections made to the first two Reports or those made in the untimely Objections to the Second Supplemental Report. But there is no requirement of law that a District Judge's Order adopting a report and recommendations must contain any given level of detail or discussion. The adoption order is legally sufficient as its stands and Fed.R.Civ.P. 52 does not require further elaboration.

The Motion for Additional Findings should therefore be denied.

June 16, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

*s/ Michael R. Merz*
United States Magistrate Judge