# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| WILLIAM MARTIN, | : |
| Petitioner, | : Case No. 2:21-cv-5102 |
| - vs - | : Chief Judge Algenon L. Marbley |
| | : Magistrate Judge Michael R. Merz |
| WARDEN, Belmont Correctional Institution, | : |
| Respondent. | : |

## DECISION AND ORDER

This case is before the Court on Petitioner's Objections (ECF No. 59) to the Magistrate Judge's Supplemental Report and Recommendations on Petitioner's Motion to Alter Judgment and Motion for Additional Findings (ECF No. 56). After the Magistrate Judge filed his initial Report and Recommendations recommending denial of Petitioner's Motion to Alter or Amend the Judgment (ECF No. 51), Petitioner objected (ECF No. 54) and the Court recommitted the case to the Magistrate Judge to consider the Objections (ECF No. 55). Thus both Reports and both sets of Objections are before the Court for consideration.

As required by Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b) the Court has reviewed *de novo* both Reports and the underlying record with particular attention to those portions highlighted by Petitioner's Objections.

### I. BACKGROUND

The Court entered judgment dismissing Petitioner's habeas corpus Petition with prejudice on May 9, 2023 (ECF Nos. 45, 46). Petitioner claims he is entitled to have the judgment reopened because the Court did not consider his Objections to the Magistrate Judge's Second Supplemental

1

Report and Recommendations on the merits. The Magistrate Judge struck those Objections because he determined they were untimely filed (ECF No. 48). But in the same Order he invited Martin to present the same arguments through some other post-judgment filing such as a motion to alter. *Id.* Instead of doing so, Martin filed what amount to objections to the Striking Order in the form of a Rule 59(e) motion.

Taken as objections, the 59(e) motion was also filed late. The Striking Order was filed and served May 15, 2023, which made any objections due by June 1, 2023; the 59(e) Motion was not received and docketed until June 12, 2023. In this instance the Magistrate Judge agreed to overlook that late filing and deem the Objections filed as of the date Martin claimed they were deposited in the prison mail system, June 1, 2023. Unwilling to accept that concession and replicating the argument he made on the timeliness of the Objections on the merits, Martin insists a court is bound to accept as conclusive an inmate's declaration under penalty of perjury of when he deposited the filing with prison officials (Objections, ECF No. 54).

The Court disagrees. *Houston v. Lack,* 487 U.S. 266 (1988), establishes that an inmate's papers are filed when deposited with prison officials for mailing, but it does not require a court to accept as conclusive the inmate's declaration of when he deposited the paper. Justice Brennan's opinion in *Houston* assumes the date of deposit will be corroborated by a prison mail log, but that is not the current practice in Ohio. When the receipt of the document by the Court raises questions about the accuracy of the claimed date, the Court has authority to demand corroboration, just as it would with any other fact required to be proved in federal court.

The Court agrees with Petitioner that the *Houston* Court did not say a mail log was the only way to prove the date of mailing. Rather, Justice Brennan said the presence of a mail log, which he assumed was common practice, would be an easy way to corroborate the date of deposit. But

2

there is no mail log in this case and Petitioner provided no other corroboration of the date of deposit provided.

To ensure that the case would be complete for decision after his most recent Report, the Magistrate Judge discussed in the alternative the merits of Petitioner's Objections to the Second Supplemental Report. The Court has considered those objections *de novo* and reaches the following conclusions:

## II. LAW & ANALYSIS

### A. Ground Three: Failure of Searching Officers to Comply with Ohio Revised Code § 2935.12

In his Third Ground for Relief, Petitioner complained that the state trial judge did not enforce Ohio's knock and announce statute, Ohio Revised Code § 2935.12. The Court agrees with the Magistrate Judge that this claim arises under Ohio law and is therefore not cognizable in habeas corpus and further that the claim is procedurally defaulted by failing to raise it on direct appeal.

### B. Ground Eleven: Prosecutorial Misconduct

In his Eleventh Ground for Relief, Petitioner asserts he was denied his right to compulsory process by the prosecutor's threats to Mackenzie Strub. Ms. Strub had been present during the search of Martin's residence and the seizure of property sought to be suppressed. She had been effectively subpoenaed to be present at the hearing on the motion to suppress. The prosecutor commented in open court that she needed to be cautioned as to her Fifth Amendment right not to incriminate herself. After she was cautioned, she declined to testify.

After examining the transcript, the Magistrate Judge concluded that the caution was necessary to protect Ms. Strub's rights, that it did not constitute a threat to prosecute her if she testified, that it did not interfere with Petitioner's right to compulsory process, and that it did not make the hearing less than full and fair so as to avoid the bar of *Stone v. Powell*, 428 U.S. 465

3

(1976), to this Court's consideration of Fourth Amendment claims. The Court adopts the Magistrate Judge's conclusions and finds no good cause to disturb the final judgment on this point.

### C. Full and Fair Hearing

Martin objects that he has repeatedly claimed he did not receive a full and fair hearing on his motion to suppress (ECF No. 59, PageID 1313). Having reviewed the record, the Court concludes the hearing(s) provided in this case were full and fair within the meaning of *Stone* and *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).

### D. Other Objections

Petitioner raised three other objections (labeled Objection Five, Objection Six, and Objection Seven) in his Rule 59(e) Motion.

Objection Five relates to Petitioner's claim that the method of handling suppression of evidence in this case violates his rights under the Due Process and Equal Protection Clauses. The Magistrate Judge analyzed this as merely a refiling of his *Stone v. Powell* argument and the Court agrees. A litigant cannot avoid the *Stone* bar by relabeling his claims under the Fourteenth Amendment.

In Objection Six Martin criticized the Magistrate Judge's characterization of his claim that the searching officers did not abide by Ohio Revised Code § 2935.12 as a question of state law, not cognizable in habeas corpus. To the contrary, Martin claims any illegally seized evidence should have been suppressed. The Court adopts the position taken by the Magistrate Judge: claims under Ohio Revised Code § 2935.12 are not cognizable in habeas.

In Objection Seven Martin asserts the Magistrate Judge improperly recommended denial of his Eighth Ground for Relief on grounds of procedural default. In that Ground, Martin claims the prosecutor engaged in misconduct by withholding evidence that was important to the defense

4

strategy until jury voir dire which he asserts violated his due process, equal protection, and fair trial rights. The Magistrate Judge found this claim was procedurally defaulted and that Martin had not shown excusing cause and prejudice. In his current Objections, Martin claims he could have shown cause and prejudice. He had not done so by the time judgment was entered, however, and indeed had not attempted any of the methods he suggested he could use to do that. The Court agrees with the Magistrate Judge that this claim is procedurally defaulted and, moreover, Martin has not identified any clearly established Supreme Court law requiring that discovery be made at some specific time before voir dire.

## II.  CONCLUSION

The Magistrate Judge's Reports and Recommendations on the Rule 59(e) Motion (ECF Nos. 51, 56) are adopted and Petitioner's Objections are overruled. The Motion for Additional Findings (ECF No. 50) is denied. Petitioner's Motion to Alter or Amend the Judgment (ECF No. 49) is denied. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. The Court has already denied a certificate of appealability on the underlying Petition and made a similar certificate to the Sixth Circuit on that set of claims.

**Dated:  January 23, 2024**

**Algenon L. Marbley**
**Chief United States District Judge**